# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| OCEANA, INC., <br> 1350 Connecticut Ave., NW <br> 5th Floor <br> Washington, DC 20036, <br><br>                         Plaintiff, <br><br>       v. <br><br> GARY F. LOCKE, in his official capacity as Secretary of the United States Department of Commerce, <br> 14th and Constitution Ave., NW <br> Washington, DC 20230; <br><br> NATIONAL OCEANIC AND ATMOSPHERIC ADMINISTRATION, <br> Department of Commerce, Room 5128, <br> 14th Street and Constitution Ave., NW, <br> Washington, DC 20230; and <br><br> NATIONAL MARINE FISHERIES SERVICE, <br> Department of Commerce, Room 14636 <br> 1315 East-West Highway <br> Silver Spring, MD 20910 <br><br>                       Defendants. | **COMPLAINT** <br><br><br> Civil Action No. _____ |

Oceana, Inc. ("Oceana") brings this complaint against the United States Department of Commerce, the National Oceanic and Atmospheric Administration ("NOAA"), and the National Marine Fisheries Service (collectively "the Fisheries Service" or "the agency") for their violations of the Freedom of Information Act ("FOIA"). The Fisheries Service has improperly

EAST\44003241.1

denied Oceana's requests for a waiver of FOIA fees and it has improperly failed to respond to Oceana's appeal of that fee waiver decision. As a result, the agency has unlawfully interfered with Oceana's efforts to protect the already threatened sea turtle population.

## PARTIES

1. Plaintiff, Oceana, is a non-profit corporation organized under the laws of the District of Columbia. Its principal place of business is 1350 Connecticut Ave., NW, 5th Floor, Washington, DC 20036. It is an international advocacy organization dedicated to restoring and protecting the world's oceans through policy advocacy, science, law, and public education. Its missions include preventing the destruction of sea turtle populations and preventing sea turtles from becoming an addition to the list of extinct species.

2. Defendant Gary F. Locke is Secretary of the United States Department of Commerce. He is sued in his official capacity as the chief officer of the federal agency charged by the United States Congress with protecting threatened and endangered species in the marine environment. The United States Department of Commerce is a federal agency within the meaning of 5 U.S.C. §§ 551(1) and 552(f)(1).

3. Defendant NOAA is an agency of the United States Department of Commerce with supervisory responsibility for the National Marine Fisheries Service. The Secretary of Commerce has delegated responsibility for protecting threatened and endangered species in the marine environment to NOAA, which in turn has delegated that responsibility to the Fisheries Service.

4. Defendant National Marine Fisheries Service is an agency of the United States Department of Commerce with the primary responsibility to protect threatened and endangered species in the marine environment.

## JURISDICTION AND VENUE

5. The FOIA statute gives this Court jurisdiction over FOIA claims under 28 U.S.C. § 552(a)(4)(B). This Court also has federal question jurisdiction under 28 U.S.C. § 1331 because Oceana claims that the Defendants violated their FOIA obligations.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(e) because all parties reside in the District of Columbia and because a substantial part of the activities giving rise to this claim occurred in the District of Columbia.

## BACKGROUND

7. Sea turtles have been swimming the world's oceans for more than 100 million years. They survived the mass dinosaur extinction and repeated periods of epochal climate change. They play important roles in the oceanic ecosystem including helping to maintain productive coral reef ecosystems and transporting essential nutrients from the oceans to beaches and coastal dunes around the world.[1]

8. Sea turtles, as one of the few large herbivores that eat seagrass, help maintain healthy seagrass beds. Without sea turtles, seagrass beds become overgrown which means they obstruct ocean currents and shade the ocean floor to such a degree that grass begins to decompose and slime molds increase. Furthermore, sea turtle foraging allows the upper portions of seagrass blades to float away from seagrass beds, which results in a 15-fold decrease in the supply of nitrogen to seagrass roots. Reduced nitrogen supplies help balance plant species, nutrient cycling, animal densities and predator-prey relations.[2]

---

[1] Wilson, Miller, Allison, and Magliocca, *Why Healthy Oceans Need Sea Turtles: The Importance of Sea Turtles to Marine Ecosystems*, OCEANA (July 2010) at 3, *available at* http://na.oceana.org/en/news-media/publications/reports/why-healthy-oceans-need-sea-turtles-the-importance-of-sea-turtles-to-marine-ecosystems.

[2] *Id.* at 6.

EAST\44003241.1

9. Sea turtles help keep coral reefs healthy by balancing the species composition and distribution of sponges. Sponges compete with reef-building corals and, if left unchecked, sponges can begin to dominate a reef and limit the growth of corals. Hawksbill sea turtles are among the few marine animals that can eat sponges because hawksbill sea turtles can overcome the sponges' natural physical and chemical defenses. By keeping the sponge populations in balance, hawksbill sea turtles help maintain the health of coral reefs. Healthy coral reefs in the oceans mean healthy coral reef fish for humans.[3]

10. Sea turtles help stabilize sand dunes. Dunes have limited supplies of nitrogen, phosphorous and potassium, and sea turtles help supply these nutrients to the dunes by laying eggs in nests on the dunes. Coastal predators often eat sea turtle eggs and redistribute nutrients back to the dunes through their feces. More nutrients in the dunes leads to more dune vegetation which leads to less dune erosion.[4]

11. Sea turtles help maintain fish stocks by balancing the jellyfish population. Leatherback turtles eat as much as 440 pounds of jellyfish a day, almost the weight of an adult male lion. Jellyfish eat fish eggs and larvae. Fewer leatherback turtles means more jellyfish, which, in turn, means fewer fish.[5]

12. Now, however, sea turtles are at risk. Of the six species of sea turtles that swim in American waters—green turtles, hawksbill turtles, Kemp's ridley turtles, leatherback turtles, loggerhead turtles, and olive ridley turtles—each is listed as either endangered or threatened under the Endangered Species Act. These species have been listed under the Endangered

---

[3] *Id.* at 7.
[4] *Id.* at 8.
[5] *Id.* at 9.

Species Act for over 30 years but their populations still have not recovered and, in some cases, they continue to decline.[6]

13. Since its inception, Oceana has been dedicated to reducing sea turtle bycatch, protecting sea turtle habitat, and developing sea turtle legislation. An important resource for Oceana is information gathered by the Fisheries Service on commercial fishing, bycatch data, and trawl gear modifications intended to preserve ocean life and to prevent the unnecessary destruction of sea turtle populations. There is significant public interest in such government research as evidenced by Oceana's over 500,000 members and supporters.[7]

**Oceana's FOIA Request**

14. On March 22, 2010, Oceana submitted a Freedom of Information Act request to the agency asking for records related to: (1) Fisheries Service research on trawl gear modifications intended to prevent sea turtle bycatch in the Atlantic Ocean and Gulf of Mexico; and (2) proposals for the Fisheries Service to require trawl gear modifications on fishing vessels or otherwise change fishing practices for the purpose of reducing sea turtle bycatch (the "FOIA Request" or "Request"). In response to a request by the Fisheries Service on April 15, 2010, Oceana submitted a "clarification" letter that provided additional detail about the scope of the FOIA request and the basis for Oceana's request for the fee waiver (the "Clarification Letter").

15. **Representative of News Media.** In the Request and Clarification Letter, Oceana established that it qualifies for a waiver of the normal FOIA search fees, as set out in 5 U.S.C. § 552(a)(4)(A)(ii)(II) and in 15 C.F.R. § 4.11(b)(6), (c)(3)(i), because it is a representative of the news media. Under the statute, a representative of the news media, which is defined as a "person or entity that gathers information of potential interest to a segment of the public, uses editorial

---

[6] *Id.*

[7] Although the original FOIA request refers to Oceana's members and supporters exceeding 300,000, as of December 2010, Oceana now has more than 500,000 members and supporters.

- 5 -

skills to turn the raw materials into a distinct work, and distributes that work to an audience," is not required to pay fees for searches needed to respond to its FOIA requests. 5 U.S.C. § 552(a)(4)(A)(ii).

16.     In the Request, Oceana explained that it regularly gathers, publishes, and disseminates information to a broad audience. It referred to its internet blog and website, press releases, its quarterly published print magazine, and its e-mail newsletter which it noted is distributed biweekly to over 300,000 members and supporters. *See* Request at 4. Oceana explained that the existence and maintenance of these media outlets satisfy the requirements that Oceana gather and distribute information to a broad audience, *id.,* and the agency subsequently conceded that Oceana has the means to disseminate information to the public.

17.     Oceana also described its ability to edit and to assimilate information into materials that it distributes to the public. Oceana made clear that its "expert staff" gives "Oceana the ability to review, analyze, and communicate the requested information. . . . ." Clarification Letter at 2.

18.     **Public Interest Waiver.** Oceana separately explained that it met the two-part test for a complete waiver of FOIA fees – meaning no search fees *or* reproduction costs – under 5 U.S.C. § 552(a)(4)(A)(iii) and 15 C.F.R. § 4.11(k)(10)(i)-(ii). First, Oceana said it does not have a commercial interest in the disclosure of the information sought. Oceana highlighted its status as a 501(c)(3) tax-exempt, non-profit organization. *See* Request at 3. Oceana said it would not use the requested documents for commercial gain. *See id.* The Fisheries Service has never disputed that Oceana meets this part of the test. *See* Denial of Fee Waiver at 4-5.

19.     Second, Oceana said such information is likely to contribute significantly to public understanding of the operations or activities of the government because the documents

requested will likely contain information about the government's actions to protect sea turtles. *See* Request at 3.  Oceana made clear that United States fisheries catch thousands of sea turtles each year.  *See id.*  Oceana said that federal law requires the federal government to make the protection of endangered and threatened species a national priority and that the government's activities related to the protection of sea turtles is a matter of public interest.  *See id.*  Additionally, Oceana explained that it has the ability to disseminate this information to the public.  *See id.* at 3-4.

20. The agency denied Oceana's request for a fee waiver in a letter date-stamped June 21, 2010.

**The Fisheries Service's Denial of Oceana's Request for a Fee Waiver**

21. The agency made two points in its letter denying Oceana's fee waiver request. First, the Fisheries Service said Oceana was not a representative of the news media because it did not show that it had ever disseminated information it received from the agency four years earlier to the public.  *See* Denial of Fee Waiver at 4 ("[Y]ou have not demonstrated that you actually disseminated the information provided in response to your previous [FOIA] request.").

22. The law does not require Oceana to disseminate all information it receives from an agency regardless of its contents.  The standard is whether Oceana has the ability to disseminate it to the public.  But, in fact, Oceana had disseminated information it received from its earlier FOIA request to the public.  It had used the information: (1) to produce the report "*Trouble for Turtles:  Trawl Fishing in the Atlantic Ocean and Gulf of Mexico*";  (2) to prepare comments in February 2007 for a rulemaking proceeding regarding efforts to reduce bycatch of sea turtles in Atlantic and Gulf of Mexico fisheries; (3) to draft its August 7, 2009 "Notice of Intent to Prepare an Environmental Impact Statement for Sea Turtle Conservation and Recovery

- 7 -

in Relation to the Atlantic Ocean and Gulf of Mexico Trawl Fisheries and to Conduct Public Scoping Meetings"; (4) to petition to change the status of the Northwestern Atlantic loggerhead turtle from threatened to endangered under the Endangered Species Act; and (5) to pitch "news stories on the need to reduce sea turtle bycatch in trawls." Appeal at 6-7 (citing Clarification Letter at 2).

23.     Second, the agency said Oceana's FOIA request "is not likely to contribute significantly to public understanding of government operations or activities," as this information is either in the public domain or is "substantially identical" to information in the public domain. Denial of Fee Waiver at 5. In fact, the information Oceana seeks is not in the public domain. Oceana seeks "staff emails, research data, drafts, slide presentations, statements of work for research protects, other information on arrangements for research and data collections, documents (including unpublished documents) prepared by staff in the course of the relevant work, and other records relevant to the agency's work during the specified time period on the specified projects." Clarification Letter at 4.

24.     In denying Oceana's fee waiver request, the agency improperly sought to require Oceana to pay an estimated $9,559.99 in search fees and an estimated $6,778.72 in duplication fees. These fees are prohibitively high for Oceana, which is a member- and foundation-supported public interest organization with limited resources.

**Oceana's Administrative Appeal**

25.     On July 9, 2010, Oceana appealed the agency's denial of its fee waiver request. Oceana argued that the Fisheries Service's conclusion that Oceana was not a media representative was wrong and that as a media representative, Oceana should not have to pay the search and duplication fees. Second, Oceana argued that even if it is not a media representative,

it satisfies the general, catchall standard for a public interest fee waiver. That standard requires showing that the documents requested are likely to "contribute significantly to public understanding of the operations or activities of the Government," and that "[d]isclosure of the information is not primarily in the commercial interest of the requester." 5 U.S.C. § 522(a)(4)(A)(iii).

The agency failed to respond to Oceana's appeal. Oceana has exhausted all available administrative remedies.

\* \* \* \* \*

26. Oceana has no other recourse but this Court. The U.S. government has refused to follow its own FOIA regulations when asked to provide unclassified scientific information and data about commercial fishing activities to a non-profit organization that is dedicated to protecting sea turtles. The Fisheries Service concedes that it has the information Oceana seeks and that Oceana is entitled to get it. The agency also concedes that Oceana is a non-profit organization and that it has the means to disseminate information to the public. The Fisheries Service concedes that Oceana does not have a commercial interest in the information it seeks. Nevertheless, the agency insists on charging an improper and prohibitively expensive fee and has failed utterly to respond to Oceana's requests that it reconsider its position. Without access to this information, Oceana is wrongfully obstructed from furthering its mission to protect the already threatened sea turtle population.

## CAUSES OF ACTION

### COUNT I
### Failure to Grant Oceana's Public Interest Fee Waiver Request

27. Oceana incorporates by reference and realleges the facts set out in the paragraphs above.

28. Oceana is a non-profit organization pursuing a non-commercial mission of protecting sea turtles from extinction. Oceana's FOIA request seeks information relevant to this non-commercial purpose, and Oceana will use the information as part of its campaign to save sea turtles from extinction.

29. The U.S. public is interested in government research on and laws to protect sea turtles.

30. Internal government records are likely to provide insight on the operations and activities of the government. This information is not in the public domain.

31. The information that is the subject of Oceana's FOIA request is likely to contribute significantly to public understanding of the operations or activities of the government.

32. The Fisheries Service conceded that disclosure of the information is not primarily in Oceana's commercial interest.

33. The Fisheries Service improperly failed to treat Oceana as eligible for a public interest waiver and instead imposed improper and prohibitively expensive fees of $9,559.88 for estimated search charges and of $6,778.72 for estimated duplication charges in connection with Oceana's FOIA request.

34. The Fisheries Service's decision violates 5 U.S.C. §552(a)(4)(A)(iii).

## COUNT II
**Failure to Treat Oceana as a Media Requestor**

35. Oceana incorporates by reference and realleges the facts set out in the paragraphs above.

36. Oceana gathers information on sea turtle preservation of current interest to a segment of the public.

37. Oceana's research and editorial staff use their skills to turn raw materials into distinct work with the goal of preventing the extinction of sea turtles.

38. Oceana distributes its distinct work to an audience interested in the preservation of sea turtles.

39. The Fisheries Service improperly failed to treat Oceana as a media requestor and instead imposed improper and prohibitively expensive fees of $9,559.88 for estimated search charges in connection with Oceana's FOIA request.

40. The Fisheries Service's decision violates 5 U.S.C. § 552(a)(4)(A)(ii).

## COUNT III
**Failure to Respond to Oceana's Fee Waiver Appeal**

41. Oceana incorporates by reference and realleges the facts set out in the paragraphs above.

42. The Fisheries Service told Oceana that it would only provide the unclassified, non-commercial documents to which Oceana is entitled if Oceana paid $16,338.60 in advance.

43. Oceana appealed this decision on July 9, 2010.

44. By statute, the Fisheries Service had twenty days to respond to Oceana's appeal. 5 U.S.C. § 552(a)(6)(A)(ii); 15 C.F.R. § 4.6(b). If the Fisheries Service does not respond within 20 days and there are no unusual or exceptional circumstances, the Fisheries Service cannot

assess any fees of a media requestor and cannot assess search fees of any requestor. 5 U.S.C. § 552(a)(4)(A)(viii).

45. The Fisheries Service did not respond within 20 days, and has not responded, in any fashion, as of the date of this filing.

46. As a result, the Fisheries Service cannot assess fees on Oceana.

## **PRAYER FOR RELIEF**

WHEREFORE, Oceana respectfully prays for the following relief against the Fisheries Service:

a) Declare that Oceana's request is entitled to a waiver of all fees under the "public interest" provision of FOIA;

b) Order the Fisheries Service that it cannot impose any FOIA search or duplication fees upon Oceana because Oceana qualifies for the "public interest" fee waiver;

c) Declare that Oceana is a "media requestor";

d) Order the Fisheries Service that it cannot impose any FOIA search fees upon Oceana because Oceana is a "media requestor";

e) Order the Fisheries Service that it cannot impose any FOIA fees because the Fisheries Service failed to timely respond to Oceana's fee waiver appeal;

f) Order the Fisheries Service to produce documents in response to Oceana's FOIA request within thirty (30) days;

g) Award Oceana costs and attorneys' fees incurred in this action; and

h) Such other relief, both at law and in equity, as this Court deems just and proper.

Dated: December 21, 2010       Respectfully submitted,

By:        /s/
   Kimberly K. Egan, D.C. Bar No. 461640
   Mitka T. Baker, D.C. Bar No. 496317
   **DLA PIPER LLP (US)**
   500 Eighth Street, NW
   Washington, DC 20004
   Telephone: 202.799.4000
   Facsimile: 202.799.5000

By:        /s/
   Steven H. Hartman, D.C. Bar No. 456436
   1320 N. Courthouse Road
   Arlington, VA 22201
   Telephone: 703.351.3059
   Facsimile: 703.351.3658

By:        /s/
   Robert H. Griffen, D.C. Bar No. 436528
   1320 N. Courthouse Road
   Arlington, VA 22201
   Telephone: 703.351.3047
   Facsimile: 703.351.3670

*Counsel for Oceana, Inc.*

- 13 -

EAST\44003241.1